

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00413-CR

Paul **YBARRA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2020CR6362
Honorable Laura Lee Parker, Judge Presiding

Opinion by:  Luz Elena D. Chapa, Justice

Sitting:  Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed: January 31, 2024

MOTION TO WITHDRAW GRANTED; ABATED AND REMANDED

A jury convicted appellant Paul Ybarra of aggravated assault with a deadly weapon, and the trial court sentenced him to forty years' confinement based on a finding he was a habitual offender. *See* TEX. PENAL CODE § 22.02(a)(2). The judgment also imposed court costs of $395.00. Ybarra timely appealed.

Ybarra's court-appointed appellate attorney filed a motion to withdraw and an *Anders* brief in which she concludes this appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App.

[Panel Op.] 1978); and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). As required, counsel sent copies of the brief and motion to withdraw to Ybarra and informed him of his rights in compliance with the requirements of *Kelly v. State*, 436 S.W.3d 313 (2014). Counsel also provided appellant with a form motion to access the appellate record, and this court provided Ybarra with a copy of the appellate record after Ybarra filed the motion. This court also notified Ybarra of his right to file a pro se brief, and Ybarra filed a pro se brief.

Having determined the procedural requirements of *Anders* have been satisfied, we must now review the record to make an independent determination as to whether the appeal is wholly frivolous or whether arguable grounds for appeal exist. *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009) (citing *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005)) and explaining court of appeals has two choices when faced with *Anders* brief: determine appeal is wholly frivolous and issue opinion explaining it reviewed record and found no reversible error or determine arguable grounds for appeal exist and remand cause for appointment of new counsel). If we determine a nonfrivolous ground for appeal exists, we must grant defense counsel's motion to withdraw, abate the appeal, and remand the case to the trial court for appointment of new counsel. *See Garner*, 300 S.W.3d at 766; *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.). The new attorney is then required to file a brief raising the nonfrivolous ground we have identified, as well as any additional grounds, which the attorney discovers. *Bledsoe*, 178 S.W.3d at 827.

After reviewing the briefs and the record, we conclude the appeal is not wholly frivolous and there are arguable ground(s) for appeal, including whether the trial court erred by failing to make an inquiry on the record regarding the defendant's ability to pay court costs. *See Almeida v. State*, No. 04-22-00669-CR, 2024 WL 172588, at *1-3 (Tex. App.—San Antonio Jan. 17, 2024, no pet. h.) (concluding arguable issue exists if record is silent as to whether trial court made inquiry

on record as to court costs); TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1).  We therefore grant counsel's motion to withdraw, abate the appeal, and remand the cause to the trial court.  *See Garner*, 300 S.W.3d at 766; *see also Nichols*, 954 S.W.2d at 86.  The trial court shall, within thirty days from the date of our opinion and order, appoint a new attorney on appeal to present all arguable grounds of error, including but not limited to the nonfrivolous ground noted in this opinion.  *See Garner*, 300 S.W.3d at 766; *see also Nichols*, 954 S.W.2d at 86.

Luz Elena D. Chapa, Justice

Do Not Publish